IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

SDD99, INC., f/k/a DESIGN DATA SYSTEMS
CORPORATION, a Florida corporation,

       Plaintiff,                           Case No.: 06cv6089

v.

ASA INTERNATIONAL LTD., a
Delaware corporation, and EASTERN BANK,
a Massachusetts corporation,

       Defendants.
_____/

       Plaintiff, SDD99, Inc., f/k/a Design Data Systems Corporation ("SDD99") sues Defendants, ASA International Ltd. ("ASA") and Eastern Bank ("Eastern") (collectively, the "Defendants") and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

       1.      SDD99 is a dissolved Florida corporation. Its principal place of business was previously located in Pinellas County, Florida.

       2.      SDD99 was previously in the business of designing, developing, licensing, supporting, maintaining, selling, marketing and implementing software for commercial enterprises.

       3.      SDD99's sole shareholder during its existence and subsequent to its dissolution was and has been Michael Meli ("Meli").

       4.      Meli is a resident of Rochester, Monroe County, New York.

       5.      ASA is a Delaware corporation with its principal place of business located in Framingham, Middlesex County, Massachusetts.

6. Eastern is a Massachusetts corporation with its principal place of business located in Boston, Suffolk County, Massachusetts.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332 (2005) based on diversity of citizenship and an amount in controversy in excess of $75,000.00.

8. Venue in the Western District is conferred by 28 U.S.C. §1391 and a choice of law provision set forth in an agreement between the parties as discussed in paragraphs 9, 10 and 11, below.

9. Section 10.8 of the Agreement, which governs the dispute that is the subject matter of this action, requires that the courts of the State of New York and the Federal courts located therein shall have exclusive jurisdiction over the resolution of any disputes between the parties.

10. Each party to the Agreement waived any objections based on jurisdiction, venue, forum non conveniens or similar matters, and consented to service of process as provided by the rules of the State of New York.

BACKGROUND FACTS

11. On or about November 4, 1999, SDD99, ASA and Eastern entered into an Asset Purchase Agreement (the "Agreement").

12. Pursuant to the Agreement, SDD99 agreed to sell and ASA agreed to acquire certain assets of and assume certain liabilities of SDD99, as more particularly set forth therein.

13. Pursuant to Article VII of the Agreement, ASA agreed to deposit a portion of the purchase price under the Agreement (the "Escrow Fund") with Eastern as escrow agent, pending disbursement to SDD99 and/or ASA as particularly provided for in that Article..

14. ASA subsequently deposited the sum of $250,000 with Eastern as the Escrow Fund.

15. Eastern continues to hold the Escrow Fund in escrow, together with accrued interest thereon (such interest to hereinafter be included in the definition of the "Escrow Fund").

16. On or about June 13, 2000, ASA delivered to Eastern a demand on the Escrow Fund in the amount of $1,247,616.89 in the form of an Officer's Certificate (the "First Officer's Certificate").

17. The effect of the First Officer's Certificate, as set forth in the Agreement, was that ASA informed Eastern that ASA was entitled to possession of the Escrow Fund.

18. On or about July 10, 2000, pursuant to Section 7.2(f) of the Agreement, in response to the First Officer's Certificate, SDD99 served Eastern with an Objection to Claim (the "First Objection").

19. The effect of the First Objection, as set forth in the Agreement, was that SDD99 informed Eastern that SDD99 disputed ASA's demand on the Escrow Fund, and therefore the First Officer's Certificate, and prevented Eastern from delivering any portion of the Escrow Fund to ASA.

20. On or about November 3, 2000, ASA delivered to Eastern a demand on the Escrow Fund in the amount of $35,652.00 (the "Second Officer's Certificate").

21. On or about November 3, 2000, ASA delivered to Eastern a demand on the Escrow Fund in the amount of $28,359.00 ("Third Officer's Certificate").

22. Pursuant to the Agreement, the effect of the Second Officer's Certificate and the Third Officer's Certificate was substantially the same as the First Officer's Certificate in that ASA informed Eastern that ASA was entitled to possession of the Escrow Fund.

23. On or about November 15, 2000, SDD99 delivered to Eastern another Objection to Claim in response to the Second Officer's Certificate and the Third Officer's Certificate (the "Second Objection").

24. The effect of the Second Objection was substantially the same as the First Objection in that SDD99 informed Eastern that SDD99 disputed ASA's subsequent demands for the Escrow Fund, and therefore the Second Officer's Certificate and Third Officer's Certificate, and prevented Eastern from delivering any portion of the Escrow Fund to ASA.

25. Pursuant to Section 7.2(g) of the Agreement, in the event SDD99 delivered an objection to Eastern, such as the First Objection or the Second Objection, the parties agreed to submit their dispute to arbitration with the American Arbitration Association in New York City, New York (the "AAA").

26. ASA filed a demand for arbitration with the AAA with respect to the issues raised by its First, Second and Third Officer's Certificates and SDD99's First and Second Objections.

27. Said demand for arbitration resulted in the AAA opening AAA Case No. 13Y 181 00995 00 (the "AAA Case").

28. ASA thereafter failed to prosecute the AAA Case.

29. On or about February 13, 2003, before any arbitrators were appointed, and before any arbitrators or the AAA made any dispositive decisions on the issues raised by ASA's First, Second or Third Officer's Certificates or SDD99's First and Second Objections, the AAA dismissed the AAA Case for want of prosecution and closed the file.

30. The effect of the AAA's dismissal of the AAA Case was to permanently preclude any right or claim that ASA may have had to any portion of the Escrow Fund.

31. Pursuant to Section 7.2(g)(ii) of the Agreement, the AAA's dismissal of the AAA case is binding and conclusive upon ASA, Eastern and SDD99.

32. There are no longer any Officer's Certificates or Objections (as those terms are defined in the Agreement) that remain open, pending or subject to arbitration.

33. Neither ASA nor Eastern has filed any arbitration proceedings relative to SDD99 or the Escrow Fund other than the AAA Case, referenced above.

34. On or about October 28, 2005, SDD99, through its counsel, Brian Salvagni, demanded by letter that Eastern and ASA release and disburse the Escrow Fund to SDD99, but Eastern and ASA have failed or refused to do so. A copy of Mr. Salvagni's October 28, 2005 letter to Eastern and ASA is attached hereto as Exhibit "A" and incorporated herein by reference.

35. SDD99 has made subsequent demands on Eastern for release and disbursement of the Escrow Fund, however, to date, Eastern has not released the Escrow Fund to SDD99.

36. SDD99 has retained the undersigned attorneys to represent them in this matter and are obligated to pay them a reasonable fee for their services.

37. SDD99 is entitled to recover reasonable attorneys' fees from ASA pursuant to Section 10.1 of the Agreement.

38. All conditions precedent to the relief requested herein have been performed, have occurred, or have been waived.

AS AND FOR A FIRST CAUSE OF ACTION
(DECLARATORY JUDGMENT)

39. SDD99 repeats and realleges the allegations of the preceding paragraphs set forth in this Complaint as if fully set forth herein.

40. SDD99 has a bona fide question as to the existence or non-existence of its rights, obligations or privileges under the Agreement with respect to the facts and circumstances alleged herein.

41. Specifically, SDD99 has a question as to whether it is entitled to possession of the Escrow Fund, and SDD99 is therefore entitled to a declaration with respect to its rights under the Agreement.

42. There is a genuine dispute between the parties as to who is entitled to possession of the Escrow Fund.

43. There is a bona fide adverse interest between the parties concerning SDD99's rights under the Agreement and its entitlement to the Escrow Fund.

44. There is a bona fide, actual, present and practical need for a declaration by the Court in that the Agreement provides that SDD99 is entitled to possession of the Escrow Fund under these circumstances but Eastern and ASA have so far failed or refused to comply with SDD99's demands for release and disbursement of the Escrow Fund.

45. SDD99 seeks a declaration from the Court that it is entitled to immediate possession of the Escrow Fund under the Agreement.

46. SDD99 has standing to bring this claim for declaratory relief because SDD99 has an interest in the Escrow Fund, its entitlement to which is disputed between the parties.

47. Further litigation will ensue unless a determination is made with regard to who is entitled to possession of the Escrow Fund, SDD99 or ASA.

## AS AND FOR A SECOND CAUSE OF ACTION
(<u>BREACH OF AGREEMENT</u>)

48. SDD99 repeats and realleges the allegations of the preceding paragraphs set forth in this Complaint as if fully set forth herein.

49. SDD99 has fulfilled all of its obligations under the Agreement.

50. ASA has failed to perform all of its obligations under the Agreement in that ASA has prevented SDD99 from obtaining possession of the Escrow Fund.

51. SDD99 has suffered damages in excess of $250,000 as a direct and proximate result of ASA failing or refusing to permit SDD99 from obtaining possession of the Escrow Fund despite its entitlement to it.

AS AND FOR A THIRD CAUSE OF ACTION
(<u>SPECIFIC PERFORMANCE</u>)

52. SDD99 repeats and realleges the allegations of the preceding paragraphs set forth in this Complaint as if fully set forth herein.

53. Pursuant to the terms of the Agreement, Eastern, as escrow agent, is required to release and disburse the Escrow Fund to SDD99.

54. Eastern has failed and refused to deliver possession of the Escrow Fund to SDD99.

55. SDD99 has suffered damages in excess of $250,000 as a direct and proximate result of Eastern having so far failed and refused to release and disburse the Escrow Fund to it despite due demand therefor.

56. The Escrow Fund, and Eastern's status as escrow agent under the Agreement, are unique.

57. SDD99 has no adequate remedy at law.

WHEREFORE, Plaintiff, SDD99, Inc. f/k/a Design Data Systems Corporation, respectfully requests this Court enter judgment in its favor and against Defendants as follows:

A. With respect to the First Cause of Action: (1) this Court construe the Agreement and enter a declaratory judgment that, pursuant to the Agreement, SDD99 is entitled to

immediate possession of the Escrow Fund; (2) directing Eastern to immediately release and disburse the Escrow Fund to SDD99; (3) for an award of attorneys' fees and costs incurred by SDD99 in connection with this action against Defendants; and (4) for such other and further relief as the Court deems just and appropriate to protect SDD99's rights and interests in the Escrow Fund.

  B. With respect to the Second Cause of Action: (1) judgment against Defendant, ASA International, Ltd. for damages in the amount of the Escrow Fund; (2) together with prejudgment interest, attorneys' fees, costs; and (3) such other and further relief as this Court deems just and appropriate to protect SDD99's rights and interests in this case.

  C. With respect to the Third Cause of Action against Defendant Eastern Bank: (1) requiring Eastern Bank to specifically perform its obligations under the Agreement by immediately releasing and disbursing the Escrow Fund to SDD99; and (2) for such other and further relief as this Court deems just and appropriate to protect SDD99's rights and interests in the Escrow Fund.

  These remedies are being pled in the alternative.

Dated: February 13, 2006      Respectfully submitted,

               /s/ Peter T. Rodgers
              Peter T. Rodgers, Esq.
              LACY KATZEN LLP
              Attorneys for Plaintiff
              130 East Main Street
              Rochester, New York 14604
              Telephone: (585) 454-5650